**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN BAKOPOULOS, PENNY BOWERS, MARIA PEREZ, ANNIE WHITE, MAUREEN PHEND, and CHERYL MILLER, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>MARS PETCARE US, INC.,<br><br>     Defendant. | Civil Action No. 1:20-cv-06841<br>Honorable Manish S. Shah<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND COMPLAINT FOR DAMAGES**<br><br>**Jury Trial Demanded** |

Plaintiffs John Bakopoulos, Penny Bowers, Maria Perez, Annie White, Maureen Phend, and Cheryl Miller ("Plaintiffs"), acting on behalf of themselves and all others similarly situated ("Class Members"), bring this action for damages and equitable relief against Mars Petcare US, Inc. ("Defendant").

## NATURE OF THE CASE

1.     Dogs can—and often do—have allergic reactions to certain foods, including those that contain wheat, soy, and chicken. Accordingly, when purchasing pet foods, an important consideration for consumers, including Plaintiffs and Class Members, is that certain ingredients are omitted from their pets' food.

2.     Consumers willingly pay a premium for limited ingredient pet foods—like Defendant's Nutro Limited Ingredient Diets purport to be—for the health and well-being of their pets. Defendant's products at issue include:

- Nutro Limited Ingredient Diet Adult Lamb & Sweet Potato Recipe Grain Free Dog Food,

- Nutro Limited Ingredient Diet Adult Salmon & Lentils Recipe Grain Free Dog Food,
- Nutro Limited Ingredient Diet Adult Duck & Lentils Recipe Grain Free Dog Food,
- Nutro Limited Ingredient Diet Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food, Nutro Limited Ingredient Diet Adult Large Breed Lamb & Sweet Potato, and
- Nutro Limited Ingredient Diet Small Bites Adult Lamb and Sweet Potato Recipe (collectively "Nutro Limited Ingredient Diets").

3.      Consumers—including Plaintiffs—rely on Defendant's representations that the Nutro Limited Ingredient Diets include only limited ingredients, are specifically formulated for the health needs of dogs, that the Nutro Limited Ingredient Diets meet their own ingredient promises and warranties, and that the Nutro Limited Ingredient Diets adhere to quality and manufacturing standards.

## PARTIES

4.      Plaintiff John Bakopoulos is a citizen of Illinois residing in Chicago, Cook County.

5.      Plaintiff Penny Bowers is a citizen of Illinois residing in Aurora, Dupage County.

6.      Plaintiff Maria Perez is a citizen of Illinois residing in Lakemoor, McHenry County.

7.      Plaintiff Annie White is a citizen of Wisconsin residing in Kenosha, Kenosha County.

8.      Plaintiff Maureen Phend is a citizen of South Carolina residing in Travelers Rest, Greenville County.

9.      Plaintiff Cheryl Miller is a citizen of South Carolina residing in Wedgefield, Sumter County.

10.      Defendant Mars Petcare US, Inc. is a for-profit corporation, organized and existing under the laws of the State of Delaware. Defendant has its national headquarters in Franklin (Williamson County), Tennessee. Defendant also designs, manufactures, markets, and sells the

Nutro Limited Ingredient Diets online and through third-party retailers throughout the United States.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and some of the members of the proposed class are citizens of states different from the Defendant.

12.    The Defendant has sufficient minimum contacts with Illinois to be subject to this Court's personal jurisdiction. Defendant intentionally avails itself of the markets within Illinois through the promotion, sale, marketing, and distribution of the Nutro Limited Ingredient Diets and numerous other products, which renders this Court's exercise of jurisdiction necessary and proper.

13.    Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiffs Bakopoulos, Bowers, and Perez reside in and purchased a Nutro Limited Ingredient Diet within this District.

## FACTUAL ALLEGATIONS

### John Bakopoulos

14.    Plaintiff Bakopoulos purchased the Nutro Limited Ingredient Diets monthly during an approximately five-month span in 2019. Specifically, Plaintiff purchased multiple bags of the Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food.

15.    Plaintiff Bakopoulos most often purchased the Nutro Limited Ingredient Diets products from his local Petco store, located at 4161 N. Harlem Avenue, Norridge, Illinois, 60706. Although the Nutro Limited Ingredient Diets products were more expensive than other choices he viewed, he chose to pay the premium price based upon the "limited ingredient" and other promises made by Defendant on its product packaging.

16.    At the time of all his purchases, Plaintiff Bakopoulos relied on Defendant's factual representations about the ingredients in the Nutro Limited Ingredient Diets dog food, including

those representations on the product label. The representations all indicate that that the Nutro Limited Ingredient Diets is a limited ingredient diet that does not contain wheat, soy, or chicken.

17.    When Plaintiff Bakopoulos learned that the Nutro Limited Ingredient Diets mislabeled its products, he stopped purchasing the Nutro Limited Ingredient Diets products.

18.    Plaintiff Bakopoulos did not receive the benefit of his bargain when he purchased the Nutro Limited Ingredient Diets products that included ingredients that did not conform to its packaging representations and the warranties made by Defendant. Had he been aware of the misrepresentations, he either would have not purchased the Nutro Limited Ingredient Diets or would have paid less for them.

19.    If Defendant would conform the Nutro Limited Ingredient Diet to its packaging and ingredient warranties and promises, Plaintiff would be willing and likely to purchase the Nutro Limited Ingredient Diets in the future.

**Penny Bowers**

20.    Plaintiff Bowers purchased the Nutro Limited Ingredient Diets monthly during an approximately six-month span in 2017. Specifically, Plaintiff Bowers purchased multiple bags of the Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food for her 4-year old Australian Sheppard, Donnie.

21.    Plaintiff Bowers most often purchased the Nutro Limited Ingredient Diets products from a local Petco or PetSmart by her home. Although the Nutro Limited Ingredient Diets products were more expensive than other choices she viewed, she chose to pay the premium price based upon the "limited ingredient" and other promises made by Defendant on its product packaging.

22.    At the time of all her purchases, Plaintiff Bakopoulos relied on Defendant's factual representations about the ingredients in the Nutro Limited Ingredient Diets dog food, including those representations on the product label. The representations all indicate that that the Nutro Limited Ingredient Diets are limited ingredient diets that do not contain wheat, soy, or chicken.

23.    Plaintiff Bowers did not receive the benefit of her bargain when she purchased the Nutro Limited Ingredient Diets products that included ingredients that did not conform to their

packaging representations and the warranties made by Defendant. Had she been aware of the misrepresentations, she either would have not purchased the Nutro Limited Ingredient Diets or would have paid less for them.

**Maria Perez**

24.     Plaintiff Perez purchased the Nutro Limited Ingredient Diets bi-monthly from 2018 to 2020. Specifically, Plaintiff Perez purchased the Adult Large Breed Lamb & Sweet Potato for her Lexus, a 9-year old Yorkie Poo, and Quinn, a 3-year old Dogo Argentino.

25.     Plaintiff Perez most often purchased the Nutro Limited Ingredient Diets products from a local Walmart by her home. Although the Nutro Limited Ingredient Diets products were more expensive than other choices she viewed, she chose to pay the premium price based upon the "limited ingredient" and other promises made by Defendant on its product packaging.

26.     At the time of all her purchases, Plaintiff Perez relied on Defendant's factual representations about the ingredients in the Nutro Limited Ingredient Diets dog food, including those representations on the product labels. The representations all indicate that that the Nutro Limited Ingredient Diets are limited ingredient diets that do not contain wheat, soy, or chicken.

27.     Plaintiff Perez did not receive the benefit of her bargain when she purchased the Nutro Limited Ingredient Diets products that included ingredients that did not conform to Defendant's packaging representations and the warranties made by Defendant. Had she been aware of the misrepresentations, she either would have not purchased the Nutro Limited Ingredient Diets or would have paid less for them.

**Annie White**

28.     Plaintiff White purchased the Nutro Limited Ingredient Diets bi-monthly basis from 2018 to 2019. Specifically, Plaintiff White purchased the Adult Lamb & Sweet Potato Recipe Grain Free Dog Food for her dogs Pranper and Lilly, who are both a Jack Russell and Chihuahua mix.

29.     Plaintiff White most often purchased the Nutro Limited Ingredient Diets products from either a Petco located at 6910 Green Bay Rd, Kenosha, WI, 53142, a Target located at 97777

76th St, Pleasant Prairie, WI, 53158, or a Meijer located at 7701 Green Bay Rd, Kenosha, WI, 53142. Although the Nutro Limited Ingredient Diets products were more expensive than other choices she viewed, she chose to pay the premium price based upon the claims of being "limited ingredient" and other promises made by Defendant on its product packaging.

30.    At the time of all her purchases, Plaintiff White relied on Defendant's factual representations about the ingredients in the Nutro Limited Ingredient Diets dog food, including those representations on the product label. The representations all indicate that that the Nutro Limited Ingredient Diets are limited ingredient diets that do not contain wheat, soy, or chicken.

31.    Plaintiff White did not receive the benefit of her bargain when she purchased the Nutro Limited Ingredient Diets products that included ingredients that did not conform to their packaging representations and the warranties made by Defendant. Had she been aware of the misrepresentations, she either would have not purchased the Nutro Limited Ingredient Diets or would have paid less for them.

**Maureen Phend**

32.    Plaintiff Phend purchased the Nutro Limited Ingredient Diets on a monthly basis in 2018. Specifically, Plaintiff Phend purchased the Adult Large Breed Lamb & Sweet Potato for her dog, Iptay, a mixed breed.

33.    Plaintiff Phend most often purchased the Nutro Limited Ingredient Diets products from a Tractor Supply Co. located at 550 Roe Center Ct, Travelers Rest, South Carolina, 29690. Although the Nutro Limited Ingredient Diets products were more expensive than other choices she viewed, she chose to pay the premium price based upon the "limited ingredient" and other promises made by Defendant on its product packaging.

34.    At the time of all her purchases, Plaintiff Phend relied on Defendant's factual representations about the ingredients in the Nutro Limited Ingredient Diets dog food, including those representations on the product label. The representations all indicate that that the Nutro Limited Ingredient Diets are limited ingredient diets that do not contain wheat, soy, or chicken.

35.     Plaintiff Phend did not receive the benefit of her bargain when she purchased the Nutro Limited Ingredient Diets products that included ingredients that did not conform to their packaging representations and the warranties made by Defendant. Had she been aware of the misrepresentations, she either would have not purchased the Nutro Limited Ingredient Diets or would have paid less for them.

**<u>Cheryl Miller</u>**

36.     Plaintiff Miller purchased the Nutro Limited Ingredient Diets every other week for the last eight years. Specifically, Plaintiff Miller purchased the Adult Salmon & Lentils Recipe Grain Free Dog Food and the Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food for her Golden Doodle, Brody. Plaintiff Miller also formerly had two other dogs who consumed the two Nutro Limited Ingredient Diets but have since passed away.

37.     Plaintiff Miller most often purchased the Nutro Limited Ingredient Diets products from her local Petco in South Carolina. Although the Nutro Limited Ingredient Diets products were more expensive than other choices she viewed, she chose to pay the premium price based upon the "limited ingredient" and other promises made by Defendant on its product packaging.

38.     At the time of all her purchases, Plaintiff Miller relied on Defendant's factual representations about the ingredients in the Nutro Limited Ingredient Diets dog food, including those representations on the product label. The representations all indicate that that the Nutro Limited Ingredient Diets are limited ingredient diets that do not contain wheat, soy, or chicken.

39.     Plaintiff Miller did not receive the benefit of her bargain when she purchased the Nutro Limited Ingredient Diets products that included ingredients that did not conform to their packaging representations and the warranties made by Defendant. Had she been aware of the misrepresentations, she either would have not purchased the Nutro Limited Ingredient Diets or would have paid less for them.

## The Nutro Company's Background

40.     Nutro Natural Pet Food, founded in about 1926, was acquired by Mars in 2007.[1] According to the California Secretary of State's website, The Nutro Company was a California corporation before it merged with Mars, Petcare US, Inc. on January 3, 2016. Nutro Natural Pet Food now has its headquarters in Franklin, Tennessee.

## Academic Research Regarding the Pet Food Industry

41.     Before December 2014, little or no peer-reviewed academic research was published concerning the accuracy of label claims with respect to ingredients present in canine foods.

42.     In December 2014, a group of researchers found that only 18% of the pet food samples they tested completely matched the label claims with respect to the content of animal by-products. Thus, 82% of the products analyzed by the researchers contained non-conforming ingredients when compared to their label claims. The December 2014 study hypothesized that raw materials used in the preparation of the canned food products contained multiple protein types and may have contributed to contamination.[2]

43.     In 2016, another study looked into the issue of whether vegan pet food contained non-conforming mammalian ingredients.[3] Vegan pet foods should contain no mammalian proteins or ingredients. The study found that half of the products tested contained non-conforming mammalian DNA in the products and suggested that manufacturers are ultimately responsible for maintaining adequate end product quality control to prevent such discrepancies between their ingredients and label claims.

---

[1] https://www.mars.com/about/history (last visited November 18, 2020).

[2] *See* Ming-Kun Hsieh, *et al.*, *Detection of undeclared animal by-products in commercial canine canned foods: Comparative analyses by ELISA and PCR-RFLP coupled with slab gel electrophoresis or capillary gel electrophoresis*, J Sci Food Agric. 2016 Mar 30; 96(5): 1659-65 (completed December 31, 2014).

[3] *See* K. Kanakubo, *et al.*, *Determination of mammalian deoxyribonucleic acid (DNA) in commercial vegetarian and vegan diets for dogs and cats*, Journal of Animal Physiology & Animal Nutrition, 2017 Feb; 101 (1): 70–74 (March 3, 2016).

44.     By 2018, research into pet food products' label claims and the presence of non-conforming ingredients intensified. Out of the 40 products analyzed in one study, the ingredients of only 10 products correctly matched their label.[4] Of the remaining 30 products, 5 did not contain the declared animal species ingredients and 23 others revealed the presence of undeclared animal species. Two of the products' labels were vague and their accuracy was indeterminable. This 2018 study found that mislabeling was an especially widespread problem in pet foods used for "elimination diets" (*i.e.*, used to investigate food allergies). In this 2018 study, researchers suggested that manufacturers should pay particular attention to both the selection of raw material suppliers and the production processes for pet food due to the high risk of contamination.

45.     A second 2018 study (conducted in Europe) tested 11 canine and feline limited ingredient wet food products and found the presence of non-conforming ingredients in 54% of the products.[5] This study further suggested other peer-reviewed studies found that 80% of the dry foods analyzed contained non-conforming products. This study suggested that the high rate of cross-contamination in dietic limited-antigen wet canine and feline foods may be due to inadequate quality-control practices in the pet food industry, and opined that the pet food industry has a legal obligation to produce safe food for consumers. The researchers hypothesized that pet food contamination occurs at two different points during manufacturing: 1) in the production of the feed materials (sometimes attributable to suppliers), and 2) during the actual production of the pet food via cross-contamination during manufacturing production lines, improper equipment cleaning, or other production deficiencies.

46.     In 2018, a third study summarized 18 studies, articles, and an abstract published between July 2017 and January 2018 related to pet food ingredient testing. The authors concluded

---

[4] *See* Rebecca Ricci, *et al.*, *Undeclared animal species in dry and wet novel and hydrolyzed protein diets for dogs and cats detected by microarray analysis,* BMC Veterinary Research Volume 14, Article number: 209 (2018).

[5] *See* Elena Pagani, *et al.*, *Cross-contamination in canine and feline dietetic limited-antigen wet diets*, BMC Vet Res. 2018; 14: 283 (September 12, 2018).

that the mislabeling of pet food appears rather "common" in the limited ingredient diet products that are proposed for elimination diets.[6] They also found that unexpected added ingredients are more frequently detected than those missing from the label.

47.    Since 2014, virtually all scholarly researchers have found that pet food sold to consumers frequently contains non-conforming ingredients, and significant discrepancies between pet food products' labeling and their actual ingredients appears to be commonplace among pet food manufacturers.

## Defendant's Material Misrepresentations

48.    Pet foods vary in their quality of ingredients, formula, manufacturing processes, and inspection quality. Pet owners who purchase "grain free" and "limited ingredient" products pay a premium in order to alleviate their pets' allergies or to provide various health benefits associated with a grain free or limited ingredient diet. Notably, food allergies are more common among certain dog breeds than others.

49.    In addition, pet owners are willing to pay a premium for dog food with premium ingredients, and pet owners who spend additional money for these benefits expect the products that are advertised in this manner to conform to the ingredients as listed on their packaging.

50.    Accordingly, Defendant's misrepresentations regarding the ingredients in the Nutro Limited Ingredient Diets are material to consumers who purchase these products, who pass over products that cost less but do not claim to be made from select, premium ingredients.

51.    Inclusion of the phrases "the Nutro Limited Ingredient Diets" and "Limited Ingredient" in the product name for "the Nutro Limited Ingredient Diets Limited Ingredient" dog food line is intended to appeal specifically to dog owners whose pets have exhibited or might exhibit allergic or other adverse reactions that might be alleviated by a premium food. "Limited

---

[6] *See* Thierry Olivry and Ralf S. Mueller, *Critically Appraised topic on adverse food reactions of companion animals (5): discrepancies between ingredients and labeling in commercial pet foods*, BMC Vet Res. 2018 Jan 22; 14(1):24 (January 22, 2018).

ingredient" diets are often recommended by veterinarians to reduce risks of adverse reactions of dogs to certain ingredients that are often used as filler in lower-priced dog foods.

52.     Defendant understands the importance of avoiding ingredients that may cause allergic reactions or adverse reactions, and it states on its website "[t]hese dry dog food recipes avoid ingredients that commonly cause food sensitivities in pets, like chicken, beef, corn, wheat, soy and dairy protein."[7]

53.     The front and back of the Nutro Limited Ingredient Diets dog food bags include numerous representations of the Defendant that are materially misleading. Images of the front of the bags are reproduced below:

[7]https://www.nutro.com/natural-dog-food/nutro/dry/adult-venison-meal-sweet-potato-recipe.aspx (last visited November 16, 2020).

**Nutro Limited Ingredient Diet Adult Large Breed Lamb & Sweet Potato Recipe Grain Free Dog Food[8]**





[8] https://www.amazon.com/Nutro-Limited-Ingredient-Adult-Potato/dp/B01MZ1EWVE (last visited November 16, 2020).

**Nutro Limited Ingredient Diet Small Bites Adult Lamb & Sweet Potato Recipe Grain Free Dog Food[9]**





[9]https://www.chewy.com/nutro-limited-ingredient-diet-grain/dp/136781?utm_source=google-product&utm_medium=cpc&utm_campaign=f&utm_content=Nutro&utm_term=&gclid=EAIaIQobChMIv9fUy9jW6QIVjbbICh1ecQFnEAQYASABEgJc6PD_BwE (last visited November 16, 2020).

**Nutro Limited Ingredient Diet Adult Duck & Lentils Recipe Grain Free Dog Food[10]**





---

[10]https://www.chewy.com/nutro-limited-ingredient-diet-grain-free/dp/136794?utm_source=google-product&utm_medium=cpc&utm_campaign=f&utm_content=Nutro&utm_term=&gclid=EAIaIQobChMI6ZKIqtjW6QIVhIXICh0o8QfREAQYASABEgI_DPD_BwE (last visited November 16, 2020).

**Nutro Limited Ingredient Diet Salmon & Lentils Recipe Grain Free Dog Food[11]**





[11]https://www.chewy.com/nutro-limited-ingredient-diet-grain/dp/136791?utm_source=google-product&utm_medium=cpc&utm_campaign=f&utm_content=Nutro&utm_term=&gclid=EAIaI QobChMIhYLvj9fW6QIVEfDACh0F5gkyEAQYASABEgIhjPD_BwE (last visited November 16, 2020).

**<u>Nutro Limited Ingredient Diet Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food[12]</u>**





[12]https://www.chewy.com/nutro-limited-ingredient-diet-grain/dp/136788?utm_source=google-product&utm_medium=cpc&utm_campaign=f&utm_content=Nutro&utm_term=&gclid=EAIaI QobChMI6deWv9bW6QIVFbbICh3_7QUZEAQYASABEgJVOvD_BwE (last visited November 16, 2020).

16

**Nutro Limited Ingredient Diet Adult Lamb & Sweet Potato Recipe Grain Free Dog Food[13]**





---

[13] https://www.amazon.com/Nutro-Limited-Ingredient-Adult-Potato/dp/B01N1TY8K3?th=1 (last visited November 16, 2020).

54.     The representations that the Nutro Limited Ingredient Diets contain "no corn, wheat, soy" and "NO CHICKEN" appear prominently, in large type, on the front of every bag. The words "Grain Free" are also included prominently on the front of every Nutro Limited Ingredient Diets' bag.

55.     Further, each Nutro Limited Ingredient Diet contains the representation of "10 Key Ingredients or Less Per Bag."

56.     The back of the bag also includes an ingredient list for the Nutro Limited Ingredient Diets for these "10 Key Ingredients or Less." Wheat, soy, and chicken are not listed as ingredients in these lists.

57.     Defendant's representations regarding the ingredients in the Nutro Limited Ingredient Diets are false. For dogs that may be sensitive or allergic wheat, soy, or chicken, the Nutro Limited Ingredient Diets are not just mislabeled but also may be unsafe and harmful to their health.

58.     In fact, the Nutro Limited Ingredient Diets contain significant amounts of wheat, soy, and chicken (the "defect"). Plaintiffs' independent analysis of the ingredients of the Nutro Limited Ingredient Diets found that the Nutro Limited Ingredient Diets contain material amounts, *i.e.*, amounts above a trace amount by any scientific metric, of chicken, wheat, and soy using the industry standard Q-PCR method of DNA testing.

59.     Specifically, Plaintiffs' testing found amounts of the non-conforming ingredients within Nutro Limited Ingredient Diets that are well above amounts that would be considered cross contamination. The non-conforming ingredients found within the Nutro Limited Ingredient Diets are material to Plaintiffs, customers, and potential class members.

60.     It is undisputed the Q-PCR method of DNA testing is the industry standard method of testing used to determine whether food complies with FDA standards and other quality standards.

**Defendant's Misrepresentations and Omissions are Material to Reasonable Consumers**

61.     Although pet foods vary in the quality of ingredients, formula, manufacturing processes, and inspection quality, dog owners often choose to purchase products that are wheat free, soy free, or chicken free because certain dog breeds have allergies associated with dog foods that contain these ingredients or because the owners understand that certain ingredients help—or hamper—their pets' health, weight, and overall wellbeing.

62.     In addition, it is reasonable for a consumer to assume when a product states a finite number of ingredients are within a product that additional ingredients that are not disclosed on the label are not present. Defendant knows this, and that is why on each Nutro Limited Ingredient Diet it specifically spells out the complete and total number of ingredients per bag.

63.     Specifically, despite warranting that its Nutro Limited Ingredient Diets contain either "10 Key Ingredients or Less Per Bag" **for every consumer to see and rely on,** in reality, the products contain material amounts of additional ingredients that do not appear anywhere on the label. Any reasonable consumer, if told this prior to purchase, would either pay less for the product or not purchase it. That is indeed the case with Plaintiffs. They would not have purchased Mars' products or would have paid less if they had been aware of the misrepresentations.

64.     The fact the Nutro Limited Ingredient Diets contain a "plus natural flavor, taurine, minerals, vitamins & probiotic mix" on the labels does not make their misrepresentations any more salable to the reasonable consumer. "Plus natural flavors, vitamins, minerals & other nutrients" clearly is not a reference to the inclusion of chicken, wheat, or soy. **Nothing on the Nutro Limited Ingredient Diets packaging gives the reasonable consumer information suggesting that he or she is purchasing a product that contains chicken, wheat, or soy. In fact, it leads the reasonable consumer to believe the opposite.**

65.     Chicken, wheat, and soy are "key ingredients" in pet foods to a reasonable consumer, which is presumably why the Defendant expressly and boldly disclaims their presence on the front of the Nutro Limited Ingredient Diets' packaging.

66.     When pet owners buy limited ingredient dog food, they usually do so to prevent a health issue or to address a nutritional deficiency that their dog may be experiencing. And consumers generally must pay a premium price for specialized pet food formulations.

67.     Accordingly, Plaintiffs and Class Members purchased the Nutro Limited Ingredient Diets instead of cheaper dog food alternatives—some of which are also marketed by Defendant— that were known to contain wheat, soy, and/or chicken.

68.     Defendant's misrepresentations about the formulation of the Nutro Limited Ingredient Diets drive consumers' purchases and are material misrepresentations.

## CLASS ACTION ALLEGATIONS

**Class Definitions**

69.     Plaintiffs Bakopoulos, Bowers, and Perez bring this action on behalf of themselves and the members of the following class:

> All persons residing in Illinois who, during the maximum period of time permitted by law, purchased the Nutro Limited Ingredient Diets primarily for personal, family, or household purposes, and not for resale.

70.     In addition, or alternatively, Plaintiff White brings this class action on behalf of herself and the members of the following subclass ("Wisconsin Subclass"):

> All persons residing in the State of Wisconsin who purchased the Limited Ingredient Diets during the maximum period permitted by law.

71.     In addition, or alternatively, Plaintiffs Phend and Miller bring this class action on behalf of themselves and the members of the following subclass ("South Carolina Subclass"):

> All persons residing in the State of South Carolina who purchased the Limited Ingredient Diets during the maximum period permitted by law.

72.     Specifically excluded from this definition are: (1) Defendant, any entity in which any Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

73.     Plaintiffs reserve the right to amend the Class definition(s) as necessary.

74.     As used herein, "Class Members" shall mean and refer to the members of the Class, including all named Plaintiffs.

75.     "Subclass Members" shall mean and refer to members of the Illinois Subclass, the Wisconsin Subclass, and the South Carolina Subclass, and shall include each of the named Plaintiffs, included in their respective Subclass based upon state of residence, as described herein.

76.     Plaintiffs seek only damages and equitable relief on behalf of themselves and the Class Members and Subclass Members. Plaintiffs disclaim any intent or right to seek any recovery in this action for personal injuries, wrongful death, or emotional distress suffered by any Plaintiff and/or the Class Members and Subclass Members.

77.     Numerosity: Although the exact number of Class Members and Subclass Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members and Subclass Members in a single action will provide substantial benefits to all parties and to the Court.

78.     Typicality: The claims of the representative plaintiff are typical in that Plaintiffs, like all Class Members, purchased the Nutro Limited Ingredient Diets that were manufactured and distributed by Defendant. Plaintiffs, like all Class Members and Subclass Members, have been damaged by Defendant's misconduct in that, *inter alia*, they have incurred or will continue to incur damage due to purchasing a product at a premium price that contained ingredients (wheat, soy, and chicken) that Defendant represented were absent from the Nutro Limited Ingredient Diets. Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and Subclass Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all Class Members and Subclass Members.

79.     Commonality: There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any individual questions. These common legal and factual issues include the following:

a)      Whether the Nutro Limited Ingredient Diets contain wheat, soy, and/or chicken;

b)      Whether Defendant's representations that their products contain no wheat, soy, or chicken are false;

c)      Whether Defendant expressly warranted that the Nutro Limited Ingredient Diets would conform to the representations made on its packaging that the Nutro Limited Ingredient Diets contain no wheat, soy, or chicken;

d)      Whether Defendant impliedly warranted that the Nutro Limited Ingredient Diets would conform to the representations that it is a limited ingredient product that would pass without objection in the trade under this description and is fit for the ordinary purposes for which such limited ingredient products are sold;

e)      Whether Defendant breached their warranties by making the representations as described herein;

f)      Whether Defendant was unjustly enriched by making the representations and omissions as described herein;

g)      Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

h)      Whether Defendant's actions as described above violated state consumer protection laws as alleged herein;

i)      Whether Defendant should be required to make restitution, disgorge profits, reimburse losses, pay damages, and pay treble damages as a result of the above-described practices.

80.     Adequate Representation: Plaintiffs will fairly and adequately protect the interests of Class Members and Subclass Members. Plaintiffs have retained attorneys experienced in the

prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

81.    <u>Predominance and Superiority</u>: Plaintiffs, Class Members, and Subclass Members, have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members and Subclass Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of Class Members' and Subclass Members' individual claims, it is likely that few Class Members and Subclass Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

82.    Defendant has acted or refused to act on grounds generally applicable to the Class and the Subclasses, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and Subclasses as a whole.

**FIRST CAUSE OF ACTION**
**Violation of Magnuson-Moss Warranty Act**
**(15 U.S.C. § 2301, *et seq.*)**
**(On Behalf of the Proposed Class and Subclasses)**

83.    Plaintiffs brings this count on behalf of themselves the Class and Subclasses, and repeat and re-allege all previous paragraphs, as if fully included herein, as well as the allegations as to the breach of implied warranty of merchantability as set forth in Court 3 below.

84.    As previously alleged, this Court has original jurisdiction over this matter based upon the requirements of CAFA; therefore, the Court has alternate jurisdiction over Plaintiffs' Magnuson-Moss claim.

85.     The Nutro Limited Ingredient Diets are consumer products as defined in 15 U.S.C. § 2301(1).

86.     Plaintiffs, Class members, and Subclass members are consumers as defined in 15 U.S.C. § 2301(3) and utilized the Nutro Limited Ingredient Diets for personal and household use and not for resale or commercial purposes.

87.     Plaintiffs purchased the Nutro Limited Ingredient Diets costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. §§ 2302(e) and 2310(d)(3)(A).

88.     Defendant is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

89.     The federal Magnuson-Moss Warranty Act ("MMWA" or "Act"), 15 U.S.C. §§ 2301-2312, is a consumer protection regime designed to supplement state warranty law.

90.     The MMWA provides a cause of action for breach of warranty, including the implied warranty of merchantability, or other violations of the Act. 15 U.S.C. § 2310(d)(1).

91.     The Defendant has breached its implied warranties of merchantability by failing to provide merchantable goods. The Nutro Limited Ingredient Diets dog food at issue is not merchantable or fit for its ordinary purposes because the dog food is purportedly designed and marketed as a wholesome limited ingredient food for pets whose choose to avoid feeding them wheat, soy, or chicken, yet Plaintiffs' and proposed class members' the Nutro Limited Ingredient Diets products do not function accordingly.

92.     Defendant breached its implied warranty of merchantability because the Nutro Limited Ingredient Diets did in fact contain wheat, soy, and chicken, and therefore fail to function as a limited ingredient diet.

93.     In its capacity as warrantor, and by the conduct described herein, any attempt by Defendant to limit the warranties is not permitted by law.

94.     By Defendant's conduct as described herein, Defendant has failed to comply with its obligations under its implied promises, warranties, and representations.

95.     Plaintiffs and the Classes fulfilled their obligations under the implied warranties.

96.     As a result of Defendant's breach of warranties, Plaintiffs, Class Members, and Subclass members are entitled to revoke their acceptance of the Nutro Limited Ingredient Diets, obtain damages, punitive damages, equitable relief, and attorneys' fees and costs pursuant to 15 U.S.C. § 2301.

<u>**SECOND CAUSE OF ACTION**</u>
**Breach of Express Warranty**
**(On Behalf of the Proposed Class and Subclasses)**

97.     Plaintiffs bring this count on behalf of themselves, the Class and the Subclasses and repeat and re-allege all previous paragraphs, as if fully included herein.

98.     Defendant marketed, sold, and/or distributed the Nutro Limited Ingredient Diets, and Plaintiffs, Class Members, and Subclass members purchased the Nutro Limited Ingredient Diets.

99.     Defendant represented in its marketing, advertising, and promotion of the Nutro Limited Ingredient Diets that their product contained "no corn, wheat, soy," and "NO CHICKEN."

100.     Defendant made these representations to induce Plaintiffs, Class Members, and Subclass members to purchase the Nutro Limited Ingredient Diets, which did in fact induce Plaintiffs, Class Members, and Subclass members to purchase these products.

101.     Accordingly, Defendant's representations that the Nutro Limited Ingredient Diets contained no wheat, soy or chicken became part of the basis of the bargain between Defendant and Plaintiffs, Class members, and Subclass members.

102.     The Nutro Limited Ingredient Diets did not conform to Defendants' representations and warranties regarding wheat, soy, and chicken because at all relevant times the bags of the Nutro Limited Ingredient Diets contained these ingredients.

103.     As a direct and proximate result of Defendant's breaches of its express warranties and their failure to conform to the Nutro Limited Ingredient Diets' express representations, Plaintiffs, Class Members, and Subclass members have been damaged. Plaintiffs, Class members, and Subclass members have suffered damages in that they did not receive the product they

specifically paid for and that Defendant warranted it to be. In addition, Plaintiffs, Class members, and Subclass members paid a premium for a product that did not conform to the Defendant's warranties.

## THIRD CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability
### (On Behalf of the Proposed Class and Subclasses)

104.     Plaintiffs bring this count on behalf of themselves, the Class, and the Subclasses and repeat and re-allege all previous paragraphs, as if fully included herein.

105.     Defendant provided Plaintiffs, Class Members, and Subclass members with implied warranties that the Nutro Limited Ingredient Diets were merchantable and fit for the ordinary purposes for which they were sold, *i.e.,* that it was a limited ingredient diet dogfood product.

106.     Defendant marketed, sold, and/or distributed the Nutro Limited Ingredient Diets, and Plaintiffs, Class Members, and Subclass members purchased the Nutro Limited Ingredient Diets.

107.     Plaintiffs, Class members, and Subclass members bring this claim for breach of the implied warranty of merchantability on behalf of themselves and other consumers who purchased the Nutro Limited Ingredient Diets as a limited ingredient dog food product for their pets.

108.     The Defendant has breached the implied warranties of merchantability that they made to Plaintiffs, Class members, and Subclass members. For example, Defendant impliedly warranted that the Nutro Limited Ingredient Diets products were free from defects, that they were merchantable, and that they were fit for the ordinary purpose for which limited ingredient dog foods are used.

109.     When sold by Defendant, the Nutro Limited Ingredient Diets were not merchantable, did not pass without objection in the trade as a limited ingredient diet for dogs, was not of adequate quality within that description, was not fit for the ordinary purposes for which such

goods are used, and did not conform to the promises or affirmations of fact made on the container or label.

110.    As a result of Defendant's breaches of implied warranties, Class and Subclass members did not receive the benefit of their bargain and suffered damages at the point of sale stemming from their overpayment for the Nutro Limited Ingredient Diets that contained non-conforming ingredients.

111.    As a direct and proximate result of Defendant's breach of the warranties of merchantability, Plaintiffs, Class members, and Subclass members have been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of the Proposed Class and Subclasses)**

112.    Plaintiffs bring this count on behalf of themselves, the Class, and the Subclasses and repeat and re-allege all previous paragraphs, as if fully included herein.

113.    Plaintiffs conferred benefits on Defendant by purchasing the Nutro Limited Ingredient Diets at a premium price.

114.    Defendant has knowledge of its receipt of such benefits.

115.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs, Class members, and Subclass members' purchases of the Nutro Limited Ingredient Diets.

116.    Defendant's retaining these moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented that Nutro Limited Ingredient Diets contained no wheat, soy or chicken when, in fact, the Nutro Limited Ingredient Diets did contain these non-conforming ingredients.

117.    Defendant's misrepresentations have injured Plaintiffs, Class members, and Subclass members because they would not have purchased (or paid a price premium) for the Nutro

Limited Ingredient Diets had they known the true facts regarding the ingredients that are Nutro Limited Ingredient Diets.

118.    Because it is unjust and inequitable for Defendant to retain such non-gratuitous benefits conferred on it by Plaintiffs, Class members, and Subclass members, Defendant must pay restitution to Plaintiffs, Class members, and Subclass members, and other such relief as justice demands as ordered by the Court.

## FIFTH CAUSE OF ACTION
**Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act**
**(On Behalf of the Proposed Illinois Subclass)**

119.    Plaintiffs Bakopoulos, Bowers, and Perez ("Plaintiffs" for this cause of action) bring this count on behalf of themselves and the Class and repeats and re-alleges all previous paragraphs, as if fully included herein.

120.    Plaintiffs and Subclass members are consumers under the Illinois Consumer Fraud Act and Defendant is a "person" within the meaning of 815 Ill. Comp. Stat. 510/1(5).

121.    Defendant engaged, and continues to engage, in the wrongful conduct alleged herein in the course of trade and commerce, as defined in 815 ILCS 505/2 and 815 ILCS 510/2.

122.    815 ILCS 505/2 (Illinois Consumer Fraud Act) prohibits:

> [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act,' approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

123.    815 ILCS 510/2 provides that a:

person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation," the person does any of the following: "(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; ... (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have...; (7) represents that goods or services are of a particular standard, quality, or grade... if they are not; ... [and] (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

124. Defendant's representations and omissions concerning the quality, benefits and effectiveness of the Nutro Limited Ingredient were false and/or misleading as alleged herein.

125. Defendant's false or misleading representations and omissions were such that a reasonable consumer would attach importance to them in determining his or her purchasing decision.

126. Defendant's false and misleading representations and omissions were made to the entire Class and Subclass as they were prominently displayed on the packaging of every bag of the Nutro Limited Ingredient Diets dog food.

127. Defendant knew or should have known its representations and omissions were material and were likely to mislead consumers, including Plaintiffs and the Subclass.

128. Defendant's practices, acts, and course of conduct in marketing and selling the Nutro Limited Ingredient Diets were and are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment.

129. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised the Nutro Limited Ingredient Diets to unwary consumers.

130. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Illinois Consumer Fraud Act.

131. Defendant's wrongful business practices were a direct and proximate cause of actual harm to Plaintiffs and to each Subclass member.

132.    As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiffs and the other Subclass members have suffered ascertainable loss and actual damages. Plaintiffs and the other Subclass members who purchased the Nutro Limited Ingredient Diets would not have purchased them, or, alternatively, would have paid less for them had the truth about the non-conforming ingredients been disclosed. Plaintiffs and the other Subclass members did receive the benefit of the bargain. Plaintiffs and the other Subclass members are entitled to recover actual damages, attorneys' fees and costs, and all other relief allowed under 815 Ill Comp. Stat. 505/1, *et seq.*

**SIXTH CAUSE OF ACTION**
**Violations of the Wisconsin Deceptive Trade Practices Act**
**(On Behalf of the Wisconsin Subclass)**

133.    Plaintiff White (Plaintiff for this cause of action) brings this count on behalf of herself and the Wisconsin Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

134.    Plaintiff White and Subclass members are members of the public and are persons within the meaning of Wis. Stat. § 100.18(1).

135.    Defendant is a "person, firm, corporation or association" within the meaning of Wis. Stat. § 100.18(1).

136.    The Wisconsin Deceptive Trade Practices Act ("Wisconsin DTPA") makes unlawful any "representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1).

137.    Defendant's representations and omissions concerning the quality, benefits and effectiveness of the Nutro Limited Ingredient were false and/or misleading as alleged herein.

138.    Defendant's false or misleading representations and omissions were such that a reasonable consumer, including Plaintiff, would attach importance to them in determining his or her purchasing decision.

139. Defendant's false and misleading representations and omissions were made to the entire Class and Subclass as they were prominently displayed on the packaging of every bag of the Nutro Limited Ingredient Diets dog food.

140. Defendant knew or should have known their representations and omissions were material and were likely to mislead consumers, including Plaintiff White and the Subclass.

141. Defendant's practices, acts, and course of conduct in marketing and selling the Nutro Limited Ingredient Diets were and are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment.

142. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised the Nutro Limited Ingredient Diets to unwary consumers.

143. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Wisconsin DTPA.

144. Defendant's wrongful business practices were a direct and proximate cause of actual harm to Plaintiffs and to each Subclass member.

145. As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiff White and the other Subclass members have suffered ascertainable loss and actual damages. Plaintiff White and the other Subclass who purchased the Nutro Limited Ingredient Diets would not have purchased them, or, alternatively, would have paid less for them had the truth about the non-conforming ingredients been disclosed. Plaintiff White and the other Subclass did receive the benefit of the bargain. Plaintiff White and the other Subclass are entitled to recover actual damages and all other relief allowed under Wis. Stat. § 100.18(11)(b)(2), *et seq.*

## SEVENTH CAUSE OF ACTION
### Violations of the South Carolina Unfair Trade Practices Act
### (On Behalf of the Proposed South Carolina Subclass)

146.     Plaintiffs Maureen Phend and Cheryl Miller ("Plaintiffs" for this cause of action) bring this count on behalf of themselves and the South Carolina Subclass and repeats and re-allege all previous paragraphs, as if fully included herein.

147.     Plaintiffs, South Carolina Subclass members, and Defendant are persons within the meaning of S.C. Code § 39-5-10(a).

148.     Defendant engaged in commerce and trade by selling the Nutro Limited Ingredient Diets within the meaning of S.C. Code § 39-5-10(b).

149.     The South Carolina Unfair Trade Practices Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code § 39-5-20(a).

150.     Defendant's representations and omissions concerning the quality, benefits and effectiveness of the Nutro Limited Ingredient were false and/or misleading as alleged herein.

151.     Defendant's false or misleading representations and omissions were such that a reasonable consumer, including Plaintiffs, would attach importance to them in determining his or her purchasing decision.

152.     Defendant's false and misleading representations and omissions were made to the entire South Carolina Subclass as they were prominently displayed on the packaging of every bag of the Nutro Limited Ingredient Diets dog food.

153.     Defendant knew or should have known their representations and omissions were material and were likely to mislead consumers, including Plaintiffs and South Carolina Subclass members.

154.     Defendant's practices, acts, and course of conduct in marketing and selling the Nutro Limited Ingredient Diets were and are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment.

155.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised the Nutro Limited Ingredient Diets to unwary consumers.

156.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the South Carolina Unfair Trade Practices Act.

157.    Defendant's wrongful business practices were a direct and proximate cause of actual harm to Plaintiffs and each South Carolina Subclass member.

158.    As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiffs and South Carolina Subclass members have suffered ascertainable loss and actual damages. Plaintiffs and the other South Carolina Subclass members who purchased the Nutro Limited Ingredient Diets would not have purchased them, or, alternatively, would have paid less for them had the truth about the non-conforming ingredients been disclosed. Plaintiffs and the other Subclass members did receive the benefit of the bargain. Plaintiffs and South Carolina Subclass members are entitled to recover actual damages, treble and/or punitive damages, and all other relief allowed under S.C. Code § 39-5-140(a).

## RELIEF DEMANDED

WHEREFORE, Plaintiffs, individually and on behalf of a Class and Subclasses as described herein, and on behalf of all others similarly situated, seek a judgment against Defendant, as follows:

a.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as Class and Subclass representatives and Plaintiffs' attorneys as Class Counsel;

b.    For an order declaring that Defendant's conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiffs and the Class and Subclasses on all counts asserted herein;

d.    For compensatory, statutory, and punitive damages, as applicable, in amounts to be

determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.   For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiffs, the Class, and Subclass their reasonable attorneys'
     fees, expenses and costs incurred in bringing this lawsuit.

### JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.


Dated: January 13, 2021.              s/ *Gregory F. Coleman*
                                      Gregory F. Coleman (TN014092)
                                      *(Admitted to Trial Bar)*
                                      **GREG COLEMAN LAW PC**
                                      800 S. Gay Street, Suite 1100
                                      Knoxville, TN 37929
                                      Telephone: (865) 247-0080
                                      Facsimile: (865) 522-0049
                                      greg@gregcolemanlaw.com

                                      Nick Suciu III
                                      *(Admitted to Trial Bar)*
                                      **BARBAT, MANSOUR, SUCIU & TOMINA PLLC**
                                      6905 Telegraph Rd., Suite 115
                                      Bloomfield Hills, MI 48301
                                      Telephone: 313-303-3472
                                      nicksuciu@bmslawyers.com

                                      Daniel K. Bryson (*pro hac vice* to be filed)
                                      J. Hunter Bryson (*pro hac vice* to be filed)
                                      **WHITFIELD BRYSON LLP**
                                      900 W. Morgan St.
                                      Raleigh, NC 27603
                                      Telephone: (919) 600-5000
                                      Facsimile: (919) 600-5035
                                      dan@wbmllp.com
                                      hunter@wbmllp.com


                                      *Attorneys for Plaintiffs*