# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN BAKOPOULOS, PENNY BOWERS, MARIA PEREZ, ANNIE WHITE, MAUREEN PHEND, and CHERYL MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARS PETCARE US, INC.,<br><br>Defendant. | No. 1:20-cv-06841<br><br>Honorable Manish S. Shah |

## DEFENDANT MARS PETCARE US, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Mars Petcare US, Inc. ("Defendant"), by its undersigned attorneys, pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's First Amended Class Action Complaint and Complaint for Damages ("Complaint") filed by Plaintiffs John Bakopoulos, Penny Bowers, Maria Perez, Annie White, Maureen Phend and Cheryl Miller (collectively, "Plaintiffs"). In support of this motion, Defendant states as follows:

1. On or about November 11, 2020, Plaintiff John Bakopoulos ("Bakopoulos") commenced this action by filing the Class Action Complaint and Complaint for Damages ("Initial Complaint") in the United States District Court for the Northern District of Illinois, Case No. 1:20-cv-06841. (*See* Dkt. No. 1.)

2. On or about January 13, 2021, Plaintiffs filed the Complaint. (*See* Dkt. No. 5.)

3. Plaintiffs allege that Defendant misrepresented certain dog food products as grain-free and containing no wheat, soy or chicken, despite purportedly containing "above a trace amount." (*See* Compl. ¶¶ 58-59.)

4. Plaintiffs seek to represent three separate classes of consumers in Illinois, Wisconsin, and South Carolina who purchased the Nutro Limited Ingredient Diet Grain Free dog foods in six different recipes: Small Bites Adult Lamb and Sweet Potato Recipe; Adult Lamb & Sweet Potato Recipe; Adult Large Breed Lamb & Sweet Potato Recipe; Adult Salmon & Lentils Recipe; Adult Duck & Lentils Recipe; and Adult Venison Meal & Sweet Potato Recipe. (*See* Compl. ¶¶ 2, 69-71.)

5. Plaintiffs allege seven claims in the Complaint: Violation of Magnuson-Moss Warranty Act (Count One); Breach of Express Warranty (Count Two); Breach of Implied Warranty of Merchantability (Count Three); Unjust Enrichment (Count Four); Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count Five); Violation of the Wisconsin Deceptive Trade Practices Act (Count Six); and Violation of the South Carolina Unfair Trade Practices Act (Count Seven). Plaintiffs' claims are flawed both legally and factually and should be dismissed for multiple reasons.

6. Plaintiffs purportedly purchased these products to alleviate their pets' allergies or to provide health benefits associated with a grain free or limited ingredient diet, as dogs "can – and often do" have allergic reactions or other health problems with foods containing wheat, soy or chicken. Missing from the Complaint are any allegations that the products Plaintiffs purchased did not alleviate allergies or were detrimental to the health and well-being of their dogs.

7. Plaintiffs bring this action based solely on "independent analysis" they allegedly conducted at some unknown time and on some unidentified product, which Plaintiffs conclude

showed the presence of "material" amounts of wheat, soy and chicken. But Plaintiffs do not allege facts supporting their purported findings and do not attach the analysis to their Complaint. Plaintiffs assert only the conclusory and vague statement that the findings were "above a trace amount."

8. Plaintiffs are silent on what amounts of wheat, soy or chicken would be "material" to the health and well-being of their dogs, including whether their (or any) dogs have allergies or other health problems associated with such ingredients. Without such alleged facts, Plaintiffs' claim of "material" amounts of wheat, soy or chicken is a bald legal conclusion and an insufficient basis to support Plaintiffs' claims in this action. As a result, all claims asserted by Plaintiffs must be dismissed.

9. Plaintiffs' express and implied warranty claims and their claim under the Magnuson-Moss Warranty Act ("MMWA") must be dismissed because Plaintiffs failed to allege that they provided pre-suit notice.

10. The claims of Plaintiffs White, Phend and Miller must be dismissed for lack of personal jurisdiction because they are neither Illinois citizens nor allege they made any purchase in Illinois.

11. Plaintiffs' claims regarding products which they did not purchase must be dismissed as they do not have standing and cannot plausibly state a claim with respect to those products.

12. Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act and unjust enrichment claims must be dismissed for failure to state a claim.

13. Finally, injunctive relief is not available to Plaintiffs in this matter.

14. In further support of this Motion, Defendant has concurrently filed a Memorandum of Law in Support of Defendant's Motion to Dismiss First Amended Complaint.

15. The Parties have agreed to the following briefing schedule on Defendant's Motion to Dismiss First Amended Complaint: Plaintiffs' Response to Defendant's Motion to Dismiss is due on March 24, 2021 and Defendant's Reply in Support of Defendant's Motion to Dismiss is due on April 14, 2021.

WHEREFORE, Defendant Mars Petcare US, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint and grant such other relief as the Court deems necessary and just.

Dated: February 17, 2021

Respectfully submitted,

By: */s/ Brett M. Doran*

Francis A. Citera
Brett M. Doran
Brian D. Straw
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (Main)
(312) 456-8435 (Facsimile)
citeraf@gtlaw.com
doranb@gtlaw.com
strawb@gtlaw.com

*Attorneys for Defendant Mars Petcare US, Inc.*

# **CERTIFICATE OF SERVICE**

      I, Brett M. Doran, an attorney, certify that I electronically filed Defendant's Motion to Dismiss First Amended Class Action Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 17th day of February 2021.

                                                 */s/ Brett M. Doran*
                                                 Attorney for Defendant