IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BAKOPOULOS, PENNY BOWERS, MARIA PEREZ, JENNIFER O'CONNOR, and MELVIN JETER, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MARS PETCARE US, INC.,<br><br>　　　　　　　　Defendant. | No. 1:20-cv-06841<br><br>Honorable Manish S. Shah |

**DEFENDANT MARS PETCARE US, INC.'S
MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS
THE SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Mars Petcare US, Inc. ("Defendant"), by its undersigned attorneys, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for its Partial Motion to Dismiss the Second Amended Class Action Complaint, states as follows:

### I.　　INTRODUCTION

The express and implied warranty claims and the Magnuson-Moss Warranty Act ("MMWA") claim (collectively, the "Warranty Claims") asserted by the Plaintiffs Jennifer O'Connor and Melvin Jeter ("Warranty Plaintiffs") should be dismissed for failure to provide proper pre-suit notice.

The Warranty Claims asserted in the First Amended Complaint by the remaining original Plaintiffs, John Bakopoulos, Penny Bowers, and Maria Perez ("Original Plaintiffs" and collectively with the Warranty Plaintiffs, the "Plaintiffs"), were conceded and dismissed because the Original Plaintiffs failed to provide pre-suit notice. On March 22, 2021, in opposing Defendant's motion to dismiss the First Amended Complaint, the Original Plaintiffs attempted to save their Warranty

Claims by asking the Court to substitute three individuals, including the Warranty Plaintiffs, into this case to assert the Warranty Claims that the Original Plaintiffs conceded. That attempt was denied by the Court.

But now, with the filing of the Second Amended Class Action Complaint ("Second Amended Complaint" or "SAC"), the Warranty Plaintiffs have joined this case as plaintiffs for the sole purpose of re-asserting the Warranty Claims in this matter. They allege they provided pre-suit notice of their Warranty Claims. But their purported pre-suit notice was a sham and not proper. In fact, Defendant received the Warranty Plaintiffs' purported "pre-suit notice" on March 22, 2021 – the same day that the Original Plaintiffs asked the Court to substitute the Warranty Plaintiffs into the case for the purpose of avoiding the dismissal of the Warranty Claims. Under Illinois law, pre-suit notice of warranty and MMWA claims must be provided in ***good faith*** to provide the opportunity to cure and minimize damages, protect the ability to investigate and gather evidence, and encourage negotiation and settlement. The Warranty Plaintiffs did not provide notice in good faith because they gave "notice" only on the same day they sought to be added to this lawsuit to take over the Warranty Claims the Original Plaintiffs had already attempted to assert without providing pre-suit notice.

In the SAC, the Warranty Plaintiffs continue to rely on this same sham notice in asserting the Warranty Claims. This is improper because such notice was not made in good faith consistent with Illinois law. The Warranty Claims must therefore be dismissed.

Furthermore, the Warranty Plaintiffs allege they purchased the products to alleviate pet allergies or to provide health benefits associated with a limited ingredient diet, as dogs "can – and often do" have allergic reactions or other health problems with foods containing wheat, soy or chicken. But the Warranty Plaintiffs do not allege the product they purchased failed to alleviate

allergies or were detrimental to the health and well-being of their dogs. And on this further basis, their Warranty Claims should be dismissed.

Finally, the Warranty Plaintiffs seek to bring their Warranty Claims with respect to all four products alleged in the SAC, including three products neither Warranty Plaintiff purchased, in direct contravention of this Court's July 12, 2021 order on Defendant's motion to dismiss the First Amended Complaint. As an alternative, and in the event the Court does not dismiss the Warranty Claims in their entirety, the Court should dismiss the Warranty Plaintiffs' purported assertion of their Warranty Claims as to products they did not purchase.

## II. SUMMARY OF RELEVANT FACTUAL ALLEGATIONS[1]

On January 13, 2021, the Original Plaintiffs (with former plaintiffs Annie White, Maureen Phend and Cheryl Miller) filed the First Amended Class Action Complaint, which asserted Warranty Claims against Defendant. (Dkt. 5.) On February 17, 2021, Defendant filed a Motion to Dismiss the First Amended Class Action Complaint, which sought the dismissal of the Warranty Claims due to failure to provide pre-suit notice. Dkt. 13 and 14, at 6-7.

On March 22, 2021, the Original Plaintiffs filed their Opposition ("March 22 Opposition") to Defendant's Motion to Dismiss the First Amended Complaint, in which the Original Plaintiffs conceded they did not provide the required pre-suit notice to assert their Warranty Claims. Dkt. 17, at 4 ("Plaintiffs concede that the *current* Illinois Plaintiffs [*i.e.*, the Original Plaintiffs] did not provide pre-suit notice for their express warranty, implied warranty, and MMWA claims. Accordingly, Plaintiffs concede these claims for these individuals…."). Nevertheless, the Original Plaintiffs sought to save those Warranty Claims by asking the Court to substitute into the case

---

[1] Consistent with Rule 12(b)(6), the facts recited herein are taken from the SAC and are taken as true only for the purposes of this Motion. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Defendant does not admit the alleged facts.

3

Warranty Plaintiffs O'Connor and Jeter[2] as new plaintiffs. *Id.* at 4-5 ("… Plaintiffs seek leave to amend their claims under Illinois law for breach of express warranty, breach of implied warranty, and their MMWA claims"), n.5 ("Since filing their First Amended Complaint, Plaintiffs have been approached by other three clients who are residents of this District who have suffered harm through their purchase of the Nutro Limited Ingredient Diets. Should the Court grant Plaintiffs leave to amend, Plaintiffs will amend their complaint to add these additional Illinois Plaintiffs, each of whom has provided Mars (through its corporate headquarters) with pre-suit notice on March 19, 2021 regarding its breach of warranty, with follow-up copies of the notice letter sent to its counsel on March 22, 2021…").

In its Reply in further support of its motion to dismiss, Mars noted:

> … Plaintiffs admit that the only "notice" these three individuals provided was a letter dated Friday, March 19, 2021. This letter was sent by Federal Express for delivery to undersigned counsel on Monday, March 22, 2021. Undersigned counsel received the letter mere hours before Plaintiffs filed their Opposition Brief on March 22, 2021, purporting to request, for the first time, leave to amend. Opp'n Br. at 5 n.5. This is insufficient pre-suit notice.

Dkt. 18, at 6.

In its Memorandum Opinion and Order ("Order"), the Court dismissed the Original Plaintiffs' Warranty Claims and denied the request to substitute in the three individuals (including the Warranty Plaintiffs) because "[a] party may not amend its pleading through a brief in opposition to a motion to dismiss."). Order (Dkt. 21), at 5 n.2.

The Warranty Plaintiffs joined this lawsuit as plaintiffs in the SAC, asserting claims for a claim under the MMWA (Count 1) and claims for breach of express warranty (Count 2) and implied warranty (Count 3).[3] Dkt. 30. The Warranty Plaintiffs allege they provided "pre-suit notice" on

---

[2] The Original Plaintiffs also sought to substitute in a third potential plaintiff, Donna Glass. *See infra* at n.3 (Notice Letter). Ms. Glass did not subsequently join this lawsuit in the SAC.
[3] In the SAC, the Original Plaintiffs do not assert Warranty Claims.

4

Friday, March 19, 2021 (*id.* ¶¶ 88, 96, 108) – the same purported "pre-suit notice" alleged in the March 22 Opposition, which Defendant received on March 22, 2021. *See* "Notice" Letter, attached hereto as Exhibit 1.[4]

Each Warranty Plaintiff allege that they purchased a single product – Nutro Limited Ingredient Adult Lamb & Sweet Potato Recipe ("Lamb & Sweet Potato Recipe"). *Id.* ¶¶ 27, 31. Neither Warranty Plaintiff alleges they purchased the Adult Salmon & Lentils Recipe ("Salmon & Lentils Recipe"), Venison Meal & Sweet Potato Recipe ("Venison Meal & Sweet Potato Recipe") or Adult Large Breed Lamb & Sweet Potato Recipe ("Large Breed Lamb & Sweet Potato Recipe") products. Despite not alleging they purchased the Salmon & Lentils Recipe, Venison Meal & Sweet Potato Recipe, or Large Breed Lamb & Sweet Potato Recipe products, the Warranty Plaintiffs nevertheless assert their Warranty Claims with respect to the three products neither purchased, in addition to the product they allege to have purchased. *See id.* ¶¶ (asserting Warranty Claims as to the "Nutro Limited Ingredient Diets," which Plaintiffs define as including the Lamb & Sweet Potato Recipe, Salmon & Lentils Recipe, Venison Meal & Sweet Potato Recipe, and Large Breed Lamb & Sweet Potato Recipe products).

### III.  LEGAL STANDARD

A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). "As

---

[4] Because the SAC references the "Notice" Letter and pre-suit notice is an element of a warranty claim, it is appropriate for the Court to take judicial notice of the letter for consideration on this motion to dismiss. *See 188, LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered . . . in ruling on the motion to dismiss.").

5

the party invoking federal jurisdiction, the plaintiffs bear the burden of establishing that jurisdiction." Order (Dkt. 21), at 1-2.

"To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

## IV. ARGUMENT

**A.** **The Warranty Claims (Counts One, Two and Three) Must Be Dismissed for Failure to Provide Proper Notice.**

The Warranty Plaintiffs' purported "pre-suit notice" was not proper under Illinois law and was not made in "good faith." The only "pre-suit notice" they claim to have provided was their letter dated Friday, March 19, 2021. SAC, ¶¶ 88, 96, 108. This letter was sent by Federal Express and was delivered on Monday, March 22, 2021 – the same day the Original Plaintiffs filed their March 22 Opposition, which sought to bring the Warranty Plaintiffs into the case in order to keep the Warranty Claims alive. *See Id.*, at 4-5, n.5; Exhibit A.

The purpose of the pre-suit notice requirement to assert warranty claims or claims under the MMWA is to "encourage parties to resolve the dispute short of litigation." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015) (quoting *Reyes v. McDonald's Corp.*, No. 06 C 1604, 2006 WL 3253579, at *3 (N.D. Ill. Nov. 8, 2006)); *see also Maldonado v. Creative Woodworking Concepts, Inc.*, 296 Ill. App. 3d 935, 939, 694 N.E.2d 1021, 1025 (3d Dist. 1998) ("The notice requirement serves to provide a seller an opportunity to cure a defect and minimize damages, protect his ability to investigate a breach and gather evidence, and to encourage negotiation and settlement.") (internal citations omitted); *Perona v. Volkswagen of Am., Inc.*, 292 Ill. App. 3d 59, 63, 684 N.E.2d 859, 863 (1st Dist. 1997) ("The purpose of the notice is to allow the defendant an opportunity to gather evidence, investigate facts, and negotiate a possible settlement.").

"[T]he UCC prefers that the breach be cured without the lawsuit, and requiring consumers to first contact the manufacturer before filing suit allows the manufacturer to address the breach." *Anthony v. Country Life Mfg., L.L.C.*, 02 C 1601, 2002 WL 31269621, at *4 (N.D. Ill. Oct. 9, 2002), *aff'd sub nom. Anthony v. Country Life Mfg.*, LLC., 70 Fed. Appx. 379 (7th Cir. 2003). The MMWA "incorporates the relevant state law on U.C.C. notice" and, for that reason, "plaintiffs' failure to allege proper notice of breach under the Illinois U.C.C. also defeats their claims under Magnuson-Moss." *Perona*, 292 Ill. App. 3d at 63.

Critically, pre-suit notice must be made in "***good faith***" to materially satisfy the purpose of the requirement. *Maldonado*, 296 Ill. App. 3d at 940 (in providing pre-suit notice, "the plaintiff is held to a standard of good faith"). For example, Illinois law is clear that "commencement of a lawsuit does not satisfy the notice requirement unless the consumer sues for personal injuries." *Perona*, 292 Ill. App. 3d at 64. There can be no good faith opportunity to provide an opportunity

7

to cure, investigate and gather evidence or "encourage negotiation and settlement" if the "notice" requirement were met by the filing of a complaint.

Similarly, in *Reyes*, the plaintiffs filed suit just one day after the announcement which prompted the suit. *Reyes*, 2006 WL 3253579, at *3. The court dismissed a breach of warranty claim finding that the timing of Plaintiffs' suit "allow[ed] no time for settlement discussions between the parties" and holding that it was "precisely the type of suit that the notice requirement § 2-607 is designed to prevent." *Id*.

Here, the same principle applies. The Warranty Plaintiffs provided notice on the same day, March 22, as the request was put before the Court in an ongoing litigation for the Warranty Plaintiffs to substitute into the litigation to save the Warranty Claims. This was not a "good faith" attempt to provide "pre-suit notice" under Illinois law. Just as in *Reyes*, the Warranty Plaintiffs "allow[ed] no time for settlement discussions." The Warranty Plaintiffs did not wait to hear back, they did not call to engage in discussions, and they did not "allow [Defendant] an opportunity to gather evidence, investigate facts, and negotiate a possible settlement." *Perona*, 292 Ill. App. 3d at 63. The Warranty Plaintiffs in this case have regarded the pre-suit notice requirement as a mere procedural hurdle – a box that needed to be checked because the Original Plaintiffs admittedly failed to do so – rather than a substantive requirement designed to "encourage parties to resolve the dispute short of litigation." *Ibarrola*, 83 F. Supp. 3d at 760.

Furthermore, because the purported "pre-suit notice" was not provided in good faith, there mere happenstance that the Court denied the request to join the case on March 22, 2021, and the Warranty Plaintiffs not joining this lawsuit until the SAC was filed, cannot *ipso facto* turn a notice that was not made in good faith into a notice that was. The Warranty Plaintiffs must, under Illinois law, be "held to a standard of good faith" in providing notice. *See Maldonado*, 296 Ill. App. 3d at

8

940. They did not meet that standard on March 22 and cannot meet that standard now. The Warranty Plaintiffs' alleged "pre-suit notice" is deficient as a matter of law. For that reason, Plaintiffs' Warranty Claims (Counts 1, 2 and 3) must be dismissed.

B. **The Warranty Plaintiffs Fail to State a Claim for Breach of Express Warranty (Count Two).**

The Warranty Plaintiffs have not pled facts plausibly demonstrating that Defendant breached any alleged express warranties. The Warranty Plaintiffs conclude, without any basis, that Defendant breached express warranties because there were "material" levels of wheat, soy and chicken in some unidentified product that the Warranty Plaintiffs claim were analyzed.[5] However, despite the allegations that certain ingredients such as wheat, soy and chicken may be "unsafe and harmful" to dogs that "may be sensitive or allergic" to these ingredients, the Warranty Plaintiffs do not plead what level of these ingredients would become "unsafe and harmful" let alone that the any of the products include such levels. The Warranty Plaintiffs have therefore not pled facts to support their conclusory assertions, and the breach of express warranty claim must be dismissed. *See Anthony v. Country Life Mfg.*, 70 F. App'x 379, 383 (7th Cir. 2003).

Separately, the Warranty Plaintiffs' breach of express warranty claim also fails because they are not in privity with Defendant. Under Illinois law, privity is required to bring an express warranty claim. *See Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 740 (N.D. Ill. 2015) ("Plaintiff must prove privity of contract before he can recover economic damages for breaches of express and implied warranty claims."). This requirement means plaintiffs can generally recover only against the "immediate seller." *See Ibarolla v. Nutrex Research, Inc.*, No. 12-cv-4848, 2012

---

[5] The Warranty Plaintiffs purchased only a single product – Lamb & Sweet Potato Recipe. SAC ¶¶ 27, 21. However, Plaintiffs do not specifically allege Lamb & Sweet Potato Recipe was analyzed or found to contain material amounts of chicken, wheat and soy. Rather, Plaintiffs generally allege only that the "Nutro Limited Ingredient Diets" were analyzed. *Id*. ¶¶ 53-54.

9

WL 5381236, at *8 (N.D. Ill. Oct. 31, 2012). Here, the Warranty Plaintiffs purchased the alleged product from third-party merchants. SAC. ¶¶ 28, 32. Plaintiffs allege only economic damages and do not allege facts sufficient to support any exception to this privity requirement. Their breach of express warranty claim must therefore be dismissed.

C. **The Warranty Plaintiffs Fail to State a Claim for Breach of Implied Warranty (Count Three).**

To state a claim for a breach of an implied warranty of merchantability, the Warranty Plaintiffs must allege that Defendant "sold goods that were not merchantable at the time of sale." *Kmak v. Sorin Group Deutschland GmbH*, No. 17-cv-4759, 2017 WL 8199974, at *6 (N.D. Ill. Dec. 12, 2017) (citations omitted). The Warranty Plaintiffs' claim fails because they do not plausibly allege the product they purchased was not merchantable.

Goods are merchantable if they are, among other things, "fit for the ordinary purposes for which such goods are used." 810 ILCS 5/2-314. The Warranty Plaintiffs plead, in conclusory fashion, that the product was not merchantable as "a limited ingredient diet dogfood product." SAC ¶ 98. As Plaintiffs allege, "[w]hen pet owners buy limited ingredient dog food, they usually do so to prevent a health issue or to address a nutritional deficiency that their dog may be experiencing," particularly "to alleviate their pets' allergies or to provide various health benefits." *Id*. ¶¶ 43, 61. But the Warranty Plaintiffs do not allege the products were not fit for this purpose – namely, that they contained ingredients in such amounts that would fail to alleviate allergies or would fail to provide health benefits. Accordingly, Plaintiffs' claim for breach of implied warranty should be dismissed. *See Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015) (dismissing breach of implied warranty claim where "[p]laintiff has not alleged what the ordinary purpose of Anatabloc is or why [it] was unfit for its ordinary purpose" and "does not allege in what way the product was ineffective").

10

Furthermore, the Warranty Plaintiffs' breach of implied warranty claim also fails because, as noted above (*supra* at 9-10), the Warranty Plaintiffs are not in privity with Defendant. *See Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 959 (N.D. Ill. 2008) ("[I]n Illinois only a buyer in privity with a seller can maintain a claim for breach of implied warranty for recovery of economic damages.").

**D.      The Warranty Plaintiffs Fail to State a Claim Under the Magnuson-Moss Warranty Act (Count One).**

The MMWA "does not create any federal law of warranty but instead requires district courts to apply the underlying state's warranty law." *Doster Lighting, Inc. v. E-Conolight, LLC*, No. 12-C-0023, 2015 WL 3776491, at *10 n.6 (E.D. Wis. June 17, 2015) (citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (7th Cir. 1986)). This means that a plaintiff who cannot state any state common law breach of warranty claim also cannot state an MMWA claim. *See O'Connor*, 477 F. Supp. 3d at 717 (finding that "Plaintiff's MMWA claim also must be dismissed because it is contingent on Plaintiff having a viable state law warranty claim."). Because the Warranty Plaintiffs' underlying claims for breach of express and implied warranties fail (*supra* at 9-11), their MMWA claim must likewise be dismissed.

**E.      In the Alternative, the Warranty Claims (Counts One, Two and Three) Regarding Products Not Purchased by the Warranty Plaintiffs Must Be Dismissed.**

The Warranty Plaintiffs assert claims regarding four different limited ingredient products, which are defined in the SAC as the Nutro Limited Ingredient Diets. SAC ¶ 2. However, the Warranty Plaintiffs allege they each purchased only one of those four products – namely, Adult Lamb & Sweet Potato Recipe. (*Id.* at ¶¶ 27, 31.) The Warranty Plaintiffs have not alleged they purchased, or incurred any injury or damages, with respect to three products they did not purchase.

As this Court has already held in this case, "Plaintiffs have no injury-in-fact caused by products that they did not buy, and therefore lack standing with respect to those products." Order

11

(Dkt. 21), at *3 (citing *Weaver v. Champion Petfoods USA Inc.*, No. 20-2235, 2021 WL 2678801, at *5 (7th Cir. 2021); *Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). This Court further stated: "At this stage of the case, there is no class and plaintiffs cannot bypass the 'irreducible constitutional minimum' of Article III standing for their individual claims." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The ruling applies equally here. The Warranty Plaintiffs' Warranty Claims with respect to products they did not purchase – the Salmon & Lentils Recipe, the Venison Meal & Sweet Potato Recipe, and the Large Breed Lamb & Sweet Potato Recipe – must be dismissed because they have no alleged injury-in-fact caused by those products and therefore no standing.

## V. CONCLUSION

For the foregoing reasons, Counts 1, 2 and 3 of the Second Amended Complaint should be dismissed in their entirety. In the alternative, the Warranty Plaintiffs' claim in Counts 1, 2 and 3 of the Second Amended Complaint with respect to the products the Warranty Plaintiffs did not purchase must be dismissed.

Dated: October 25, 2021

Respectfully submitted,

By: */s/ Brett M. Doran*

Francis A. Citera
Brett M. Doran
Brian D. Straw
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (Main)
(312) 456-8435 (Facsimile)
citeraf@gtlaw.com
doranb@gtlaw.com
strawb@gtlaw.com

*Attorneys for Defendant Mars Petcare US, Inc.*

## **CERTIFICATE OF SERVICE**

I, Brett M. Doran, an attorney, certify that I electronically filed Defendant's Memorandum in Support of Partial Motion to Dismiss the Second Amended Class Action Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 25th day of October 2021.

*/s/ Brett M. Doran*
Attorney for Defendant